# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES OF AMERICA, Appellee**
**v.**
**Specialist TYWARD D. BATES**
**United States Army, Appellant**

ARMY 20120281

Headquarters, Joint Readiness Training Center and Fort Polk
Patricia Lewis, Military Judge
Colonel Keith C. Well, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel James A. Barkei, Acting Staff Judge Advocate (addendum)

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

28 June 2013

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

KERN, Senior Judge:

A military judge sitting as a special court-martial convicted appellant, consistent with his plea, of two specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for four months, forfeiture of $994.00 pay per month for four months, and reduction to the grade of E-1.

BATES—ARMY 20120281

Appellant's case is before this court for review pursuant to Article 66, UCMJ, and he raises three assignments of error, one of which warrants discussion and relief:[1]

> THE MILITARY JUDGE ABUSED HER DISCRETION BY
> ADMITTING PROS. EX[S]. 2, 3, AND 4 BECAUSE THESE
> EXHIBITS CONSTITUTED IMPROPER REBUTTAL THROUGH
> THE USE OF UNCHARGED MISCONDUCT.

The government concedes, and we agree, that the military judge erred in admitting and considering Prosecution Exhibits (Pros. Exs.) 2, 3, and 4 as rebuttal evidence during the presentencing phase of appellant's court-martial. We conclude this error was prejudicial and requires us to set aside the sentence in this case.

## BACKGROUND

During presentencing, the government presented no aggravation evidence, but relied on the stipulation of fact that was previously admitted during the guilty-plea providence inquiry prior to findings. The stipulation of fact included as attachments appellant's enlisted record brief and a general officer reprimand for driving while intoxicated. The defense, for its sentencing case, called appellant's former squad leader as a witness, and appellant made an unsworn statement.[2] During appellant's unsworn statement, the following colloquy took place:

> [Defense Counsel (DC)]: Okay, What's next for you? Would [you] like to stay in the Army?
>
> [Appellant]: If I could I would. I would actually like to. I would actually like to finish out and see if I exactly [sic] how far I can go within it. I joined for a reason. I would like to finish out for a reason.
>
> DC: Okay, if that's not what happens to you as a result of this then ----

---

[1] This court previously issued an order requiring appellant's defense counsel in this case to respond to allegations of post-trial ineffective assistance of counsel. However, our decision with respect to appellant's other assignment of error renders that issue moot.

[2] The defense also admitted documents including appellant's leave and earning statements, documentation of payment of a civilian fine, messages between appellant and his wife, and appellant's medical records.

A:  If that's not what happens I'll still get out and work in my trade, carpentry, and try and take that as far as I can go.

The defense rested following appellant's unsworn statement.

After the defense rested, the government moved to admit Pros. Exs. 2, 3, and 4 into evidence as rebuttal.  Prosecution Exhibit 2 was a counseling statement for "Possession of an illicit substance (i.e. spice)."  Prosecution Exhibits 3 and 4 were memoranda confirming appellant tested positive for marijuana on 3 January 2012 and 25 January 2012, respectively.  The defense objected to admission of those exhibits as uncharged misconduct.  The government then argued that these documents rebutted appellant's assertion that he wanted to remain in the Army or work as a carpenter if he was not retained in the Army, and the following colloquy ensued:

[DC]:  [T]he government's trying to present aggravation in uncharged misconduct to rebut Specialist Bates'[s] desire to stay in the military, and that he doesn't want a punitive discharge.  I don't think Specialist Bates ever said, I have great rehabilitative potential for society; I'm a really a great person.  And beside[s], even if he did, again, this is not appropriate because what this really is, is evidence of aggravation not related to the offense.

[Military Judge (MJ)]:  How do you tie these offenses into this particular charge within its Specification, Government?

[Assistant Trial Counsel (ATC)]:  Your Honor, the government is not entering it as evidence that's directly related to the offense, but rather, Your Honor, to rebut the accused's assertions that he's prepared to operate as a carpenter on the outside.  We believe that these specific types of ingestion would limit those abilities . . . .

. . . .

[ATC]:  And, Your Honor, to rebut as well the evidence during the unsworn statement that the accused has a sincere desire to remain in the Army.  We believe his conduct exhibited by these exhibits rebuts that assertion.

[MJ]:  So are you stating that based on the documents that you've entered with regard to his ability to Soldier on we're saying that these documents rebut that premise?

[ATC]:  Yes, Your Honor.  After having been charged in this, the evidence of what has occurred since then, I believe shows that the accused does not have the sincere desire to Soldier on as he stated, Your Honor.  But in addition his statement that should he get out of the Army that he's prepared to work as a carpenter on the outside and to be successful there, his rehabilitative potential that these would exhibit basically the level of that rehabilitative potential; and as far as foundational the fact that the rules have been relaxed, Your Honor.

[MJ]:  Defense?

[DC]:  Your Honor, again, this is not even close to something that's allowed to rebut assertions that -- essentially what the government's arguing is that the sincerity of anything that he says can be rebutted by anything that he did in the past.

[MJ]:  Well, they're focusing on the fact that he had asked to remain in the military.  They're also focusing on the fact that he has stated that if he is not permitted to do it then he will continue on as a carpenter on the outside.  And as you know, when you're dealing [in] carpentry, you're talking about working with machinery, equipment, you have to be focused, you can't have things like this in your system or he could pose a danger to himself and possibly others.  So regarding those two specific assertions which were made by Specialist Bates during his unsworn I believe that's what the government is addressing.  If I am not correct please so state, Trial Counsel.

[ATC]:  You are correct, Your Honor.

[MJ]:  So regarding those two specific situations how does the admission of Prosecution Exhibits 2, 3, and 4, how do they not line up with what you're saying, and if so state the rule of evidence or the rule for court-martial that apply [sic] which prohibits these documents coming in as rebuttal evidence based on his statement?

[DC]:  Well, Your Honor, if the argument is that he can't be a carpenter because of evidence that he's done [inaudible] we stipulated that he was a carpenter during the time of his AWOL, so yes, there are a lot of things here that might not make sense but his ability to be a carpenter in the future even though we already stipulated that he was a carpenter during his period of absence ----

[MJ]: We're not questioning his current profession. Someone can go to medical school and become a doctor and have a license, but if it is shown that they have used drugs they're not fit to practice medicine. The question is not whether he's a carpenter, is he fit to practice carpentry on the outside? That's why the government is submitting these documents and that's what I am asking you to address, whether or not you believe based on their assertion that he is not able to practice as a carpenter on the outside because of the fear he is still using based on these documents. That's what the government is asking.

[DC]: Well, Your Honor, again, this is just an attempt to back door in -- this is uncharged misconduct and that's the basis of the defense's objection here. It doesn't rebut or undermine anything that he said as far as his abilities to become a carpenter, but I can address all that in argument, Your Honor.

[MJ]: Prosecution Exhibit 2, 3, and 4 for identification are admitted as Prosecution Exhibits 2, 3, and 4.

## LAW AND DISCUSSION

During presentencing, "[t]he prosecution may rebut matters presented by the defense." Rule for Courts-Martial 1001(d). Because the defense objected to the rebuttal evidence admitted in this case, we review the military judge's ruling to admit Pros. Exs. 2, 3, and 4 for an abuse of discretion. *United States v. Eslinger*, 69 M.J. 522, 530 (Army Ct. Crim. App. 2010) (citing *United States v. Clayton*, 67 M.J. 283, 286 (C.A.A.F. 2009)). If the military judge abused her discretion by admitting these exhibits, we must then test for prejudice "by assessing whether the error substantially influenced the adjudged sentence." *Id*. (citing *United States v. Griggs*, 61 M.J.402, 410 (C.A.A.F. 2005)); UCMJ art. 59(a).

In this case the government concedes, and we agree, the military judge erred when she admitted the uncharged misconduct concerning illegal drug use and possession contained in Pros. Exs. 2, 3, and 4. We find the military judge's logic was clearly misplaced when she ruled that appellant's prior drug possession and use rebutted his expressed desire to be a carpenter. Moreover, we need only look to the prosecution's sentencing argument to determine the significance of the military judge's error:

[A] punitive discharge is also appropriate because he's quit; he has run from the Army and he's not living up to the standards. Everybody knows drugs and military service don't go together.

5

> Everybody knows that's a quick ticket out. He's blaming this on something else; he's not owning up to it. And just to point, specifically, to Prosecution Exhibits 2, 3, and 4, the spice was February 2011, but the urinalysis was 3 January and his nanogram count was 386. On 25 January, about three weeks later he's collected again, his nanogram count goes up; this is not the same use showing up again. This is additional use.
>
> Your Honor, he needs a reality check. So, Your Honor, the government respectfully requests reduction to E-1, forfeiture of two-thirds pay for 6 months, confinement for not less than 6 months, and a bad-conduct discharge.

Until Pros. Exs. 2, 3, and 4 were admitted, the record was devoid of any evidence linking appellant with illegal drugs. However, during the presentencing portion of the court-martial, the trial counsel transformed this case from a five-and-one-half month absence without leave case into an illegal drug case.

Moreover, the military judge's last-minute curative comment for the record was ineffective. Prior to closing the court for her deliberations on a sentence, the military judge stated:

> For the record, Prosecution Exhibits 2, 3, and 4 will not be held against Specialist Bates with regard to any punishment of sentence. It will be solely be [sic] used as the trial counsel has requested which is to see whether or not when we're talking about the issue of rehabilitative potential, whether or not rehabilitative potential is there.

Our superior court has recognized that "military judges, especially in close cases, will give great weight to the 'rehabilitative potential' of an accused in trying to decide whether to impose a punitive discharge." *United States v. Ohrt*, 28 M.J. 301, 305 n.2 (C.M.A. 1989). In this case, we have both the significance placed on the illegal drug misconduct by the trial counsel during sentencing argument and emphasis on its relation to discharge, as well as the military judge's own explicit acknowledgement that she would consider it for appellant's rehabilitative potential. We conclude, therefore, that the improperly admitted evidence substantially influenced the adjudged sentence, and thus, materially prejudiced appellant's substantial rights.

## CONCLUSION

On consideration of the entire record, to include matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the

BATES—ARMY 20120281

findings of guilty are AFFIRMED. On the basis of the error noted, the sentence is set aside. A rehearing may be ordered by the same or different convening authority. In addition, appellant will receive assistance from a new defense counsel.

Judges ALDYKIEWICZ and MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court